**Edward R. POWERS, Claimant–Appellee,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellant.**

No. 2007–7315.

United States Court of Appeals, Federal Circuit.

March 27, 2009.

Michael A. Leonard, Wilmington, NC, for Claimant–Appellee.

Todd M. Hughes, Department of Justice, Washington, DC, for Respondent–Appellant.

Before MAYER, SCHALL, and MOORE, Circuit Judges.

### ON MOTION

MOORE, Circuit Judge.

#### *ORDER*

Edward R. Powers and the Secretary of Veterans Affairs move to vacate the judgment of the United States Court of Appeals for Veterans Claims and to remand for further proceedings.

Powers filed service connection claims for asbestosis, various ailments due to lead paint exposure, and diabetes mellitus and secondary vision problems due to herbicide exposure. The Board of Veterans' Appeals denied all of Powers' claims. With respect to the herbicide claim, the Board determined that Powers was not entitled to the presumption of service connection due to herbicide exposure by interpreting a controlling regulation to exclude the presumption of service connection for veterans who served on ships off the coast of Vietnam but who never set foot within the land borders of Vietnam.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's herbicide determination, interpreting the regulation so that the presumption of service connection also applied to veterans who served on ships off the coast of Vietnam but did not set foot within Vietnam's borders. The Secretary appealed to this court.

We recently issued our decision in *Haas v. Peake*, 525 F.3d 1168 (Fed.Cir.2008). *Haas* held, inter alia, that only veterans present on the landmass or inland waters of Vietnam were entitled to the presumption of service connection due to herbicide exposure. Because the Court of Appeals for Veterans Claims erred in concluding that veterans who did not set foot within Vietnam's borders were entitled to the presumption of service connection for herbicide exposure, we remand for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The judgment is vacated and the case is remanded for further proceedings.

(2) All sides shall bear their own costs.